May it please the Court, my name is Wesley Page and I have been appointed to represent the appellant James Timothy Samples in this matter. And we appreciate very much your accepting that appointment. Thank you, Your Honor. The sole issue on appeal is whether the District Court erred in declining to consider new arguments raised by Mr. Samples pro se in his objections to a magistrate judge's proposed findings and recommendation. Mr. Samples is currently serving a life sentence without parole in Mt. Olive Correctional Center in West Virginia. He filed the instant pro se habeas petition in April of 2014 and that petition was referred to a magistrate judge pursuant to the Federal Magistrates Act. The magistrate judge entered a PF&R proposed findings and recommendation recommending the petition be denied in its entirety. Mr. Samples timely lodged objections to the PF&R objecting to the entire recommendation that it be denied and raising for the first time new arguments regarding the ineffective assistance of his trial counsel. The district judge in evaluating those objections declined to consider them. In declining to consider them, he drew a narrow distinction based on this court's prior decision in the United States versus George. George is the central issue that we're here to talk about today. In George, that case dealt with a criminal suppression motion. That motion was referred to a magistrate judge pursuant to the Magistrates Act for a PF&R. The magistrate in George recommended that the evidence be suppressed and the government objected. In the government's objection in George, the government injected two new arguments why the evidence should not be suppressed. And just for the sake of clarity, those new arguments were that the evidence would inevitably have been discovered and that the defendant had no reasonable expectation of privacy. The district court in George declined to consider the government's new arguments. The government took an appeal, and this court overruled the district court and said that under the Magistrates Act, a district court is required to consider all new arguments directed to an issue to which a proper objection has been lodged. But they're not required to consider all new claims, right? Well, Your Honor, that's an issue of semantics. And I think that's the subtle distinction that the district court here recognized, and that's why he granted a certificate of appealability and appointed counsel. We're dealing with how is an issue defined? How is a claim defined? How is a new argument defined? And George and the Magistrates Act don't talk about new claims. The Magistrates Act says that a district court is required to review de novo all portions of a PF&R to which an objection is lodged. It doesn't talk about issues. It doesn't talk about arguments. It doesn't talk about claims. George came on and said a district court is required to consider all new arguments directed to an issue. Well, what is the issue? Is a new claim an issue? The ultimate issue in this case is our position is whether Mr. Samples is in custody in violation of the laws and treaties of the United States. But that's what the case is all about. And I guess in the criminal case that you mentioned, the ultimate issue there is the guilt or innocence of the defendant, and then a subsidiary issue is this motion to suppress. Why isn't that the same? Why shouldn't we apply the same analogy here is that the ultimate issue may be whether or not your client is being held unlawfully, but there are a whole host of claims associated with that contention that a litigant should be obligated to present in the first instance. Well, that's not what the district court or, well, that's not what the Fourth Circuit and George required. That was a sub-issue or a sub-claim that evidence should be suppressed or not suppressed. And the new arguments raised by Samples in this issue are analogous to the ones raised by the government in George. They go to the sub-issue then of whether evidence should be suppressed or whether his counsel was ineffective. And what are the sub-issues that you say are here in this case? In this case, I guess the ultimate issue then would be whether he's in custody in violation of the laws or treaties of the United States. The sub-issue would be whether his trial counsel was ineffective. And there are a number of different theories. And that strikes me as an entirely different, well, was there a claim of ineffective assistance of counsel brought in the first instance here? Yes, Your Honor. A number of the grounds for relief asserted in the pro se habeas petition were directed as ineffective assistance of counsel. And there were a number of theories as to why his trial counsel was ineffective. And this just injected a couple of new theories as to why his trial counsel was ineffective. Tell me again, are we talking about the ineffective assistance of his habeas counsel and not his trial counsel? Well, Your Honor, ineffective assistance of habeas counsel by the Martinez case, which is a Supreme Court case, excuses failure to exhaust. The way that this case took out, Samples filed a pro se habeas petition in state court. It was denied. He took an appeal. He was appointed habeas counsel. That habeas counsel recommended that he pursue certain claims and drop other claims. And so, therefore, the new arguments that he's inserting were unexhausted in the state level. And they were unexhausted because his state habeas counsel advised him to drop those claims. So under the Martinez case, that would allow him to overcome his failure to exhaust and would allow the district court to consider those claims in the first instance. That was a good explanation. I'll have to get that transcribed. Go ahead. Going back to the district court's failure to apply George, its decision was constrained to whether George does or should apply. There's nothing in George that limits its application to suppression issues. It seems to apply by its very language to anything referred to a magistrate judge under the Magistrates Act. And as we've gone through, this case was referred to a magistrate judge under the Magistrates Act, which contemplates that a litigant be entitled to de novo review by district court. And back to your question, Judge Diaz, about whether these are new claims, a litigant should be entitled to bring new claims in a district court under certain circumstances. Civil litigants are entitled to amend their complaint under certain circumstances. Sometimes that amendment relates back to the filing of the original complaint. Yeah, but Rule 15 is worlds apart from EPA, which has an entirely different regime for processing claims, a very strict one. That's true, Your Honor. But the bottom line here is that, especially in important constitutional cases where a prisoner is facing life imprisonment without the possibility of parole, this is his last chance to challenge his conviction and sentence. And the Constitution and the Magistrates Act require that that challenge be presented in the first instance to the district court. And George says that the district court cannot rely on prudential rules, such as waiver, to decline to consider certain arguments. Now, even if George doesn't apply and doesn't require the district court to consider these new arguments, it at least has discretion to consider the new arguments, and it failed to exercise any of that discretion. Basically, all it did was say, we don't think George applies, we don't think it should apply, we're going to appoint counsel based on the subtle distinction that we're drawing, and here we are today. Well, I thought the district court indicated that your client had been on notice that he was required to lodge these arguments earlier on in the process, arguments, claims, whatever you want to call them, earlier on, and that was the basis for denying relief. He noted that in the footnote, admittedly. That suggests some exercise of discretion. Well, if that is, in fact, an exercise of discretion, he abused his discretion because he failed to consider the effect on samples, who is a pro se litigant, who is not going to be entitled to bring a second or successive habeas petition, absent some sort of extraordinary circumstances, and it also failed to consider the other options available under the Magistrates Act that would have ameliorated the other concerns. He didn't say, he could have addressed the new arguments and said they were untimely or unexhausted or whatever. The new arguments still have to overcome those bars, but he just dismissed them without even looking at them, for the most part. What he could have done and what a sound exercise of discretion would have him do would be to remand those new arguments to the magistrate judge for an initial determination on them, and that way he could argue about whether he had waived them, whether they were unexhausted, et cetera, et cetera. The concerns that he addressed and that the state raises in its brief could have been addressed and could have been satisfied by remanding the matter to the magistrate judge. I would note that other circuits seem to recognize that George is the controlling precedent in this circuit. The cases cited by the district court and by the state in its brief, those cases that cite George, recognize that George is how courts within the Fourth Circuit address this situation. And I think that the lack of any controlling authority outside of George also indicates that it controls this situation. But I would submit that that's why we're here today is because district courts in the Fourth Circuit need additional guidance about how and when George is to be applied. I would note that this case is very similar to the Wojticki v. Aiken Technical College case, and that's Judge Traxler, you were on that panel. It's a 2010 case brought by a pro se petitioner. The district was referred to a magistrate. The magistrate entered a PF&R in which it recommended that the complaint be dismissed. In the objections, the petitioner submitted new evidence on an exhaustion issue, and the district court failed to consider that evidence. An appeal was taken, and this court held that the district court in the Wojticki case abused its discretion in failing to consider the new evidence. Now, under the Magistrates Act, that's one of the options that is available to a district judge. A district judge may receive new evidence or recommit the matter to the magistrate for further proceedings. New arguments are more efficient to address in the first instance than new evidence. Receiving new evidence requires new fact-finding and a new argument to be presented as to that evidence. So if a district court has discretion in that case and abused its discretion in that case in failing to consider new evidence, the district court here likewise abused its discretion in failing to consider the new evidence. So under either of those theories, this case should be vacated and remanded to the district court for additional proceedings. That's especially important here, as I noted, where you have a pro se petitioner facing a life sentence who is on his last effort to challenge his sentence and conviction, whose trial counsel at the state level elected to pursue a pure innocence defense, failed to wardeer the jury on the issue of mercy, and then failed to request a bifurcated trial. If you're going to not wardeer the jury on the issue of mercy, you ought to request a bifurcated trial so that you then have the opportunity to get a new sentencing jury. And the trial counsel in this case failed to do that, samples appointed habeas counsel at the state level, advised him to drop those claims, and here we are with the last opportunity for him to vindicate that important constitutional right. Thank you, Mr. Page. Mr. Johnson. Judge Traxler, and may it please the Court, Tom Johnson on behalf of David Ballard. Your Honors, no court to our knowledge has ever held that a district judge is required to consider new habeas claims raised for the first time in objections to a magistrate judge's order. This Court should not be the first. Consistent with two prior unpublished decisions of this Court, as well as long established principles governing habeas cases, this Court should hold either that these claims were waived by the time that they got to the district judge, or that the district judge properly exercised his discretion in declining to consider them. Now, contrary to what my friend said, this is not a mere matter of semantics. Under AEDPA and the rules governing habeas cases, a petitioner must plead the grounds for relief, as well as facts that would support those grounds and entitle the petitioner to relief. This distinction runs throughout federal habeas jurisprudence, and in fact, many of its doctrines depend on it. For example, the State and a court must be able to identify and to analyze and dismiss potential claims that are unexhausted, potential claims that may be untimely, potential claims that are not properly pleaded and don't state a claim. They must be able to identify so-called mixed petitions that contain both exhausted and unexhausted claims. That's the Rose v. Lundy case that we cite. They must be able to determine for purposes of a successive petition analysis what claims were properly raised before or could have been raised before and therefore are now barred. Under the analysis presented by my friend on the other side, the only issue that needs to be preserved in a federal habeas petition is the underlying issue of whether or not the petitioner is entitled to release. But all of these doctrines in federal habeas jurisprudence depend on the narrower ground that a petitioner must preserve both the grounds for relief, the legal basis for relief, as well as the facts in support. And then that gets further briefed through the answer and the reply and then cross motions for summary judgment, as they did here. Excuse me, Mr. Johnson, let me interrupt you a second. I'm trying to raise, the points I'm raising are arguments. And therefore under George, I'm entitled to make new arguments. It seems to me what you're saying is, no, you're not raising arguments, you're raising claims. And so you get caught up in the semantics of, well, is it a claim or is it an argument? If it's an argument, it fits under George. But if it's a claim, it's something different and doesn't fit under George. So how would you define or what would you tell me the difference is between an argument and a claim? How would you have us define those two terms? I would start with the definition that is supplied or the terminology supplied in Rule 2C of the federal habeas rules, which is grounds for relief and facts supporting those grounds. And I don't think it's all that different from pleading requirements under Rule 8, under the federal rules. Do you understand what my question was? I do, Your Honor, yes. And so I think it has to be a legal basis for relief. In what? So for example, In a claim or in an argument? I think it's fair to call it a claim, Your Honor. So there are six. Okay, I think I understand. Go ahead. So, Your Honor, here there are six ineffective assistance of counsel grounds or claims that everyone agrees were not preserved, they were not pleaded in this petition. No, you don't understand my question. What's the legal definition of a claim and what's the legal definition of an argument so that we can tell the difference between the two? Yes, Your Honor, I think it needs to be some basis in In what? Your Honor, I think that what the petitioner Let's start over. Okay. And I'm not trying to confuse you. I don't want you to get frustrated. No. Because it's not easy. Well, at least it wasn't easy for me. An argument is what? Well, I think, Your Honor, an argument could, for example, be citation to authority for a properly pleaded claim. That's an example. I'm looking for a definition. Because I need to know is what he's presenting, the point he's making, an argument and fits under George or it's a claim and it doesn't? Well, Your Honor, perhaps the best way is to start with George itself. Under George, there was no argument that the indictment in that case was sufficient. No argument about the sufficiency of the charges in the indictment. An evidentiary issue in support of one of the charges in the complaint gets raised before the magistrate judge. And at that point, this Court holds that the petitioner may present evidence concerning, excuse me, that the government may present new arguments in support of its suppression motion in the objections to the magistrate judge's order. But what George presupposed was that the underlying issue, the suppression issue, was properly before the magistrate judge. So the analogy here, Judge Traxler, would be if instead of making new arguments concerning this evidentiary ruling about a count that had been properly pleaded in the indictment, if the government had come in and charged an entirely new offense at the stage of objections to the magistrate judge's ruling, if we went from an indictment based on racketeering to an indictment based on arson. So that is equivalent to what is being asked here. In this Court's form, Your Honor, in this Court's form, Trax, Rule 2C of the federal habeas rules, you need to state each ground for relief and the facts in support. So here, there were no ineffective assistance of the six ineffective assistance of counsel claims that were raised in his pro se habeas petition were not included at the state level, were not included in this federal petition. And, Your Honor, if I can present another example. Well, I suppose you could say the claim was one of ineffective assistance of counsel, and there are a number of theories or arguments as to why counsel was ineffective. Why isn't that akin to what happened in George? Well, Your Honor, I think this gets to the point that you made about the rules for amending petitions and relation-backed rules, so those are very different and stricter in the habeas context than they are in the ordinary civil context, Your Honor. So it's not enough simply to say the entire trial is a single occurrence or the entire trial is a single issue. And I am going to place in my petition a single claim or simple assertion of ineffective assistance, and what that does is preserve for all time any error of trial counsel that I might put forward at some later stage of the proceedings. I mean, that is essentially what they are asking. They pleaded particular bases in which they believed trial counsel were ineffective, that we concede were exhausted. We answered, those issues were briefed, and then they were decided by the magistrate. Only in the objections does he then come in and say, wait, I have completely different bases for ineffective assistance. And these have never been factually developed. These have never been exhausted in the state courts. It's impossible at that point for the district court to engage in a reasoned analysis of these claims. And that is why this case is fundamentally different from George, because in George we knew that we were dealing with racketeering counts. We knew the arguments. We knew that there was a motion to suppress relating to evidence relating to those counts. And all that was raised for the new time, Judge Traxler, two new legal arguments, two new legal theories in support of the suppression motion relating to whether there was a reasonable expectation of privacy in the tires, whether this evidence would have inevitably been discovered. Maybe the problem is George seems to be an outlier in terms of how courts deal with this, and maybe our struggle with trying to define George suggests that George might be the problem. George may be a problem, Your Honor, but we're not. Not that we can fix. I understand that, Your Honor. But I do think that the district courts in this circuit, as well as in a couple of unpublished opinions from this court, they have not had a problem distinguishing George or else concluding that in the habeas context these rules are different. Let me ask you this. So in the context of EPA, if George had come up, this issue of a motion to suppress, from the petitioner's perspective, and he had simply identified two different theories why a particular motion to suppress should have been granted, but omitted a third or a fourth or a fifth, and then this issue comes up to the magistrate in that context, what's the result? Very different case, Your Honor. I agree with you. I think that in that case there would be a much stronger argument that George would apply. You'd have a properly pleaded count, if I understand your hypothetical, a properly pleaded count, and there are evidentiary disputes in EPA cases. That motion would be submitted to the magistrate, and I think they would have a strong argument that George applies. If some new case were cited, some new argument were made in the course of the objections, that the district court could then or would then, under George, have to consider it. And Judge Traxler, that's a very similar hypothetical to or a very similar fact pattern to the Wozzecki case, the Fourth Circuit case that my friend cited. That was a case involving an exhaustion issue that had already been briefed by the parties and was already before the magistrate judge. What happened at the objection stage was that the plaintiff in that case said, well, here's indisputable evidence. Here is new evidence. Here are my right-to-sue letters showing I exhausted these claims before the EEOC. And the district court said, well, I'm not even going to look at that. That case is much closer to the facts in George where you had new arguments in support of a suppression motion that was properly before the magistrate court as an initial matter. And, Your Honors, there are a lot of fundamental problems with permitting this late assertion of claims under George. For example, here, those claims would be untimely, as I said. These claims do not relate back because they actually relate to specific independent grounds that have never been factually developed regarding other bases for ineffective assistance of trial counsel. Judge Floyd, you mentioned the distinction between ineffective assistance of trial and habeas counsel. In the first federal habeas petition, because these claims were unexhausted, the district court judge instructed this petitioner that he needed to also plead the Martinez facts that would show that would excuse his failure to preserve, to exhaust these claims in state court. He neither pleaded the underlying ineffective assistance of trial counsel counts in this petition, nor the facts that would support ineffective assistance of habeas counsel. And he didn't even plead those facts in the objections to the magistrate judge's PF&R. So whereas in some other cases there might be discretion, for example, as my friend suggested, construe the paper as a motion to amend, to remand to the magistrate judge. Here, the district court properly determined that these claims were, A, untimely, and, B, were underdeveloped. Even given the liberal construction rules that apply to pro se plaintiff pleadings, the district court is not required to simply invent theories on which the plaintiff, here the petitioner, might be entitled to relief. So if I understand your position, even though the district court retains ultimate decision-making authority under the Federal Magistrate's Act to rule on a recommendation of the magistrate, in the EPA context, there is no such discretion? I think, let me answer in this way, Your Honor. I think as an initial matter, we are asking the court to hold it's certainly not required under George. So when you get past there, I think this court has two options. The first would be to say, no, there is no discretion for the district court, because essentially these claims have been waived. And this is an approach adopted by the Sixth Circuit in cases we cite in our papers. Under ordinary pleading rules, he failed to place the claims in the petition itself, and therefore they're waived. That's one option this court can go with. Well, what claims were dismissed for failure to exhaust, that is, Martinez issue matter? They were six independent assistance of trial counsel claims, Your Honor. They included, for example, a claim that the trial should have been bifurcated, that they should have conducted these medical tests, that they should have consulted a particular witness, that they should have looked into the curriculum vitae of the expert. None of these facts, none of these arguments are presented in the current petition. None of them are factually developed, nor are the facts developed, Judge Floyd, as to why the failure to exhaust of each of these claims ought to be excused under Martinez. So we don't have any of those facts, either in the petitions, in the summary judgment briefing, or even in the objections. And that's what gets me to the point concerning the second option before this court. If it declines to adopt a waiver rule, it can adopt a rule that the district court properly exercised its discretion in this case. So whenever a district court is considering whether to entertain a claim that has been asserted late in a proceedings, it can properly exercise its discretion not to decide that claim, if it would be futile, if it would be prejudicial to the other party, or if the party asking, asserting the claim is acting in bad faith. So here, the opinion does reflect a consideration of claims that would be, that show that asserting these particular claims would be futile and prejudicial. Aren't those the same type of things a judge would consider in a motion to amend? Absolutely, Your Honor. And what I'm suggesting is that this court could articulate a rule simply making clear that district courts can consider those same factors. I think they apply very nicely here in this context as to what to do. Are you suggesting we treat instances like this as, or tell district judges, district judges, treat them as motions to amend? I think it's already very clear, Your Honor, that a district court does have discretion to construe any paper filed by a represented party or a pro se party as a motion to amend. But it is not an abuse of that discretion if, for example, it would be futile. And that's the case here because of this very strict one-year time bar, which would have expired by the time we get to the objections stage. Also, when it would be prejudicial to the other side, and this court has held, it's reasonable for a district court to conclude that where new claims are asserted on the eve of trial here after briefing has been concluded, that it would be prejudicial to the State to reopen proceedings, especially here where you have claims where they have not been factually developed. And there might be some question, must we take new evidence or depositions? This is reasonable for the district court in those circumstances. It wouldn't matter whether it was an argument or a claim or what have you. It's still a matter of discretion for the ruling judge to decide whether to permit it to be considered. Well, it might matter for whether George applies. Except for George, I agree with you, that would be relevant to the exercise of discretion. A new argument, a Wojcicki-type situation in which the petitioner presents smoking gun evidence that he exhausted a claim, might be a different story. But here, certainly, the district court acted within its discretion by saying, this is too late. And with respect to the final factor, the courts often consider that of bad faith, where there were no findings of bad faith here, but as Judge Diaz pointed out, there were representation made by the district court that this particular pro se petitioner had been told what he had to do and then failed to do it. And this court has held that, this court has said that a district court judge is certainly not required, even when a party requests leave to amend in objections to a magistrate judge's order, to grant that request when it doesn't appear clear from the face of the order whether the party would ultimately be entitled to relief. And again, here, there are so many obstacles. Timeliness, the potential relationship between these claims, the exhaustion issues that haven't been addressed. And then, ultimately, on the merits, what are the facts underlying these ineffective assistance of trial counsel claims. For all of those reasons, the district court, at minimum, if the claims were not, in fact, waived, the district court, at minimum, did not abuse its discretion in declining to consider those claims. Your Honors, if there are no further questions, this court should hold that the district court did not err in declining to consider these new grounds for habeas relief raised for the first time in the magistrate, in response to the magistrate judge's PFNR. Thank you, Mr. Johnson. Mr. Page, you have some time remaining. Thank you, Your Honor. Your Honor brought up the issue of what's the difference between an argument and a claim. I set that forth in our brief. Page 18. You got it in front of you, I imagine. I mean, the bottom line is, I can argue that something is true, I can claim that something is true. The definition of ground for relief, the reason or point that something, as a legal claim or argument, relies on for validity. These terms are used, they were used interchangeably by the district court in this case to refer to what samples injected into his objections. On some pages, he referred to them as arguments. On other pages, he referred to them as new claims. Earlier in the brief, confronting a similar, I'm sorry, the exact same situation, he went ahead and addressed the new arguments. But hadn't he said in this case, allowing this petitioner to do this would allow a habeas petitioner to elude Edput's filing deadlines? I mean, hadn't he said, in effect, it's futile or illegal, it would contravene Edput to allow him to do this? Well, I don't think so, Your Honor. I think the reason he said that was in attempting to distinguish George. There's a lot more, there are a lot more nuances. But that's the reason to distinguish him. Because it would violate Edput to do it. You know what he's saying? I don't believe so, Your Honor. I mean, either George applies or it doesn't. If you're inside of George, you have to consider them. And you might consider them. He may not have been referring to this specific case. Sure. And I think you're correct about that, Your Honor. He didn't sit down and look at potential exceptions to the exhaustion requirement, whether those were pled, whether additional factual development was required to evaluate these claims. He simply disposed of them. He didn't look at them at all. And that's the problem. And the problem with George as it sits is that whether a pro se petitioner like Samples is entitled to have his new arguments considered is what the district court considers those to be, whether they're arguments or claims or issues. That's a problem. Especially when we're dealing with important constitutional rights for a guy who's sitting in jail without the possibility of parole. Now, we talked about the issue of waiver. That's not anything that district courts typically deal with. District courts typically don't consider a paper, and I'm spouting off the cuff here and I apologize if I'm going off the road a little bit, but there might be reasons for timeliness or pleading requirements or statute of limitations reasons why parties cannot inject new matters into a litigation at any time within that litigation. But waiver, to my knowledge, isn't one of those. And so for a district court to undertake a de novo review, the first stab at this issue, it should not be allowed to deem claims waived. If it wants to deem them as untimely or unexhausted or futile, that's an entirely different animal. If there are no further questions, I would again ask that this court vacate that portion of the district court's opinion and remand to the district court for further proceedings. Thank you, Mr. Page. And again, I thank you for your undertaking representation of this client. I'll ask the clerk to adjourn court and then we'll come down and agree counsel.
judges: William B. Traxler Jr., Albert Diaz, Henry F. Floyd